

FILED OCT 14 2008 CLERK, U.S. DISTRICT COURT RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SMITHFIELD FOODS, INC.
and SMITHFIELD PACKAGING
COMPANY,

    Plaintiffs,

v.                                     Civil Action No. 3:07cv641

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION,
et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE NEWSPAPER ARTICLE (Docket No. 116) to exclude a newspaper article published in the *New York Times* on June 16, 2006 (the "Article").

The Article was entitled, "At a Slaughterhouse, Some Things Never Die." It was penned by an undercover reporter, and it purports to "expose" the racial tensions and deplorable working conditions at the Tar Heel Plant. Smithfield objects to the introduction of the Article on the basis that it is irrelevant and overly prejudicial. The Defendants contend that the Article should be admitted as probative of their "state of mind." Namely, the Defendants contend that "the article is probative of the Defendants' state of mind in that it formed part of their reasonable belief as to the truth of many of the statements made by the campaign." The Defendants

also argue that "the article is relevant to issues of proximate cause and damages." Def's Opp. at 30.

### A. The Article's Effect On The Defendants' State Of Mind

As an initial matter, the claim that the Defendants relied on the Article in making many of their damaging statements during the Smithfield campaign is dubious. The Defendants have not established any true empirical connection between the Article and the actions of the individuals during the campaign who allegedly relied on the Article. Significantly, the Defendants admit that the Article was only one of the many pieces of information which informed the Defendants' beliefs during the Smithfield Campaign. See, e.g., Exhibit 2 at 227-30 (Gene Bruskin would not cite "solely that article" for the claim that Smithfield is a racist company). Thus, the Defendants cannot assert that the Article had any primary effect on their state of mind. Additionally, in making their "reliance" argument, the Defendants fail to point to any specific portions of the article which allegedly formed the basis for their beliefs, and instead simply cite the Article in the abstract. See id. Finally, it is significant that the Article was written more than five years before the inception of the Smithfield Campaign, thereby making any connection between the article and the statements made during the campaign highly attenuated. See Copen v. House, 1994 U.S. App. LEXIS 36787, *18 (4th Cir. Dec. 30,

1994) (the evidence, while perhaps relevant to the defendant's state of mind, was "too remote" for admission).

B. **Fed. R. Evid. 403**

Assuming, however, that the Article did inform the Defendants' state of mind throughout the corporate campaign, it is nonetheless necessary for the Court to "exercise its discretion under Rule 403 of the Federal Rules of Evidence to exclude state-of-mind evidence where it would produce unfair prejudice, confusion, or waste of time." United States v. Goodoak, 836 F.2d 708, 712 (1st Cir. 1988); see also Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

As Smithfield asserts, the Article is "highly inflammatory," and is replete with "overwrought prose and unattributed quotations," such as "Who that cracker think he is?  Keep treating me like a Mexican and I'll beat him." Pltfs' Letter at 2.  Due to the vivid and editorial nature of the Article, its introduction at trial would inevitably serve to inflame the passions of the jury against Smithfield. See United States v. Daulton, 266 Fed. Appx. 381, 385 (6th Cir. 2008) (evidence which tends to unduly "inflame the passions of the jury" should be excluded under Rule 403).

Moreover, the introduction of the Aticle would inevitably

3

lead to a lengthy attempt by Smithfield to discredit the contents of the article, creating delay and potentially confusing the jury. <u>United States v. Garden Homes Mgmt., Corp.</u>, 2001 U.S. Dist. LEXIS 16585, at *24 (D.N.J. May 18, 2001) (evidence can be excluded under Rule 403 when it would "create a series of mini-trials"). Therefore, notwithstanding its asserted effect on the Defendants' "state of mind," the Article is excludable under Rule 403.[1]

## CONCLUSION

For the foregoing reasons, PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE NEWSPAPER ARTICLE (Docket No. 116) is granted.

It is so ORDERED.

/s/   REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 14, 2008

---

[1] Though unsolicited by the Court, the Defendants have also attached as exhibits certain interrogatory responses and deposition testimony of Lance Compa ("Compa"). These attachments allegedly demonstrate that the Defendants also relied on the Human Rights Watch reports penned by Compa in making various statements during the Smithfield Campaign. The Court, however, already has ruled that Compa could not testify at trial about the Human Rights Watch reports because he asserted a "journalistic privilege" and refused to provide Smithfield discovery regarding those reports. The Court will not allow the Defendants to make an "end run" around that evidentiary ruling. Additionally, as Smithfield persuasively details in its Reply Memorandum, the UFCW was principally responsible for providing Compa with the information which formed the basis of his reports. Therefore, it was "the Defendants' state of mind [that] informed Compa's reports, not the other way around." Pltfs' Letter at 3.

4